21917.   BARROW et al. v. JEFFERSON COUNTY et al.

CANDLER, Justice.   As citizens and taxpayers of Jefferson County, the plaintiffs instituted this litigation to enjoin that county from borrowing $55,800 from the State of Georgia to be used by the county exclusively for the purpose of financing the cost of a property valuation and equalization program for ad valorem tax purposes and repaying the loan in equal annual installments during a five-year period beginning December 31, 1963.   They predicated their right to the relief sought solely on the ground that section 5 of an act which the legislature passed in 1961 (Ga. L. 1961, p. 107) captioned "An act to authorize State aid to counties in defraying the cost of property valuation and equalization programs for ad valorem tax purposes," and which authorized a county to borrow money from the State of Georgia for exclusive use by it in financing the cost of a property valuation and equalization program for ad valorem tax purposes and to repay the amount to be borrowed, without interest, in five equal annual installments, the first to be due on December 31st of the calendar year following the calendar year during which such money was borrowed, and one of the remaining annual installments to be due and payable on December 31st of each calendar year thereafter for four years, is null and void because it offends that provision of Art. VII, Sec. VII, Par. I, of the Constitution of 1945 (*Code Ann.* § 2-6001), the pertinent portion of which reads: "no such county . . . shall incur any new debt except for a temporary loan or loans, to supply casual deficiencies of revenue, not to exceed one-fifth of one per centum of the assessed value of the taxable property therein, without the assent of a majority of the qualified voters of the county . . . voting in an election for that purpose to be held as prescribed by law."   On an

interlocutory hearing the court denied a temporary injunction and the exception is to that judgment. *Held:*

Since the judgment excepted to in this case was rendered, a proposed amendment to Art. VII, Sec. VII, Par. I of the Constitution (see Ga. L. 1962, p. 801) was ratified which added at the end thereof the following paragraph: "Every county is hereby empowered to create debt, by way of borrowing from private individuals, firms, corporations, or partnerships, as well as from the State, for the purpose of paying the whole or part of the cost of property valuation and equalization programs for ad valorem tax purposes; to contract for the repayment thereof and to issue notes or other like instruments as evidence of the obligation to repay the debt so contracted without being subject to any limit as to amount of such debt so created and without the necessity of approval thereof by the qualified voters of that county; provided nevertheless that the debt shall be payable in one or more equal installments, one of which shall fall due at least each year, but which may fall due each month, the last of which shall mature not more than seven years from the date of creation and shall not bear interest in excess of five (5%) per cent per annum on unpaid principal; and a tax shall be levied on the taxable property of the county as may be needed to repay such debt so created; provided, however, that no county shall be empowered to create debt under the provisions of this paragraph for the purposes of a property valuation and equalization program until such program and all contracts to be entered into pursuant thereto shall have been approved by the State Revenue Commissioner, and until such county shall have entered into an agreement with the State Revenue Commissioner that such program shall be carried out in accordance with such Rules and Regulations pertaining to such programs as may be promulgated by the Commissioner."

The record in the instant case shows that the funds which Jefferson County will obtain from a loan to it by the State are to be used exclusively for the purpose of financing a property valuation and equalization program for ad valorem tax purposes; that such loan matures and is to be repaid, without interest, in five equal annual installments, the first to be paid on December 31, 1963, and one such installment on December 31 of each succeeding calendar year thereafter for

four years; and that the county's property valuation and equalization program and all contracts to be entered into pursuant thereto have been approved by Georgia's Revenue Commissioner; and that Jefferson County has entered into an agreement with the State Revenue Commissioner that such program will be carried out in accordance with such rules and regulations pertaining to such program as may be promulgated by the Commissioner. It is stated in the brief of the plaintiffs in error that the sole contention which they made on the hearing of this case in the trial court and which they make in this court was and is that Sec. 5 of the 1961 act (Ga. L. 1961, p. 107) offends that provision of Art. VII, Sec. VII, Par. I of the Constitution of 1945 commonly referred to as the debt limitation clause. Jefferson County has filed a motion in this court to dismiss the bill of exceptions on the ground that the sole question which it presents for review has become moot by the adoption of the above quoted amendment to Art. VII, Sec. VII, Par. I of the Constitution and by the parties' subsequent ratification and confirmation of their loan contract and agreement on December 10, 1962; and, since there is no denial of such ratification and confirmation of them, and since Jefferson County has ample legal authority under Art. VII, Sec. VII, Par. I of the Constitution of 1945, as amended in 1962, to borrow $55,800 from the State of Georgia for the purpose of financing its property valuation and equalization program and repay such loan according to the terms of its agreement with the State Revenue Commissioner, we hold that the motion to dismiss is meritorious. See *Westberry v. Price,* 146 Ga. 126 (90 SE 853) ; and *Southern Express Co. v. City of Atlanta,* 146 Ga. 704 (92 SE 48).

*Bill of exceptions dismissed. All the Justices concur.*

ARGUED JANUARY 15, 1963—DECIDED MARCH 7, 1963.

*R. U. Harden,* for plaintiffs in error.

*Abbot & Abbot, Fred B. Davis, Oliver, Davis & Maner,* contra.

*Eugene Cook, Attorney General, John E. Dean, Assistant Attorney General,* for party at interest not party to record.